UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YVONNE WOODARD,

       Plaintiff,

v.                         CASE No. 8:16-CV-2412-T-27TGW

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,[1]

       Defendant.

_____

## REPORT AND RECOMMENDATION

       The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.[2] Because the decision of the Commissioner of Social Security fails to explain adequately the rejection of the treating physician's opinion of the plaintiff's lifting and carrying capabilities, I recommend that the decision be reversed and the matter remanded for further consideration.

_____

[1]On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security and should therefore be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this action. See 42 U.S.C. 405(g); Fed.R.Civ.P. 25(d).

[2]This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

I.

The plaintiff, who was fifty-two years old at the time of the administrative hearing and who has a college education, has worked as a veteran contact representative (Tr. 43, 62). She filed a claim for Social Security disability benefits, alleging that she became disabled due to severe tendonitis in both hands, neuropathy, fibromyalgia, chronic fatigue syndrome, PTSD (post traumatic stress disorder), arthritis in wrist, TMJ (temporomandibular joint disorder), migraine headaches, and cervical radiculopathy (Tr. 87-88). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of "migraines, carpal tunnel syndrome/tendonitis; ulnar neurotherapy/bursitis; cervical radiculopathy; degenerative disc/joint disease; fibromyalgia; status-post left foot injury; emotional dysregulation; and post traumatic stress disorder (PTSD) with mood disorder and bipolar disorder" (Tr. 29). The law judge concluded (Tr. 31-32):

> [T]he claimant has the residual functional capacity to perform light work, as defined in 20 CFR 404.1567(b), [except] the claimant: can [engage in] occasional overhead use of the upper extremities to

pull, push, and reach bilaterally; can occasionally use the non-dominant, left upper extremity to handle, finger, grasp, and feel; can frequently use the dominant, right upper extremity [to] handle, finger, grasp and feel; can occasionally stoop, kneel, climb stairs or ramps, squat, and bend; can never crawl or climb ladders, ropes or scaffolds; must avoid concentrated exposure to extreme hot temperatures, vibrations, and to work hazards such as dangerous, moving mechanical parts and unprotected heights; must avoid driving motor vehicles; can occasional[ly] engage both in superficial contact with general public and in team/tandem work; is limited to low-stress jobs that do not demand the performance of high production quota demands and/or without fast-paced assembly lines.

The law judge found that, in view of these limitations, the plaintiff could not return to past relevant work (Tr. 43). However, he determined, based upon the testimony of a vocational expert, that there were jobs existing in significant numbers in the national economy that the plaintiff could perform, such as parking lot attendant, toll collector, and office helper (Tr. 44-45). Accordingly, the law judge decided that the plaintiff was not disabled (Tr. 45). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.[3]

---

[3]The plaintiff requested in correspondence to the Appeals Council to amend her onset date from April 29, 2011, to September 3, 2012, the date of her fiftieth birthday (Tr. 295). The Appeals Council's Order denying review of the law judge's decision does not address that request (see Tr. 1-3).

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings."

Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert.

denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the

courts, to resolve conflicts in the evidence and to assess the credibility of the

witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is

the responsibility of the Commissioner to draw inferences from the evidence,

and those inferences are not to be overturned if they are supported by

substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir.

1963).

Therefore, in determining whether the Commissioner's decision

is supported by substantial evidence, the court is not to reweigh the evidence,

but is limited to determining whether the record as a whole contains sufficient

evidence to permit a reasonable mind to conclude that the claimant is not

disabled. However, the court, in its review, must satisfy itself that the proper

legal standards were applied and legal requirements were met. Lamb v.

Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the law judge's decision on multiple

grounds. The plaintiff, in effect, contends that: (1) the law judge failed to

give adequate weight to the opinions of her treating physicians that she has disabling limitations; (2) the law judge's finding that she could perform light work is inconsistent with her upper extremity limitations; (3) the law judge omitted from her mental residual functional capacity a limitation to simple, repetitive tasks; and (4) the finding that she could perform light work is not supported by substantial evidence (Doc. 15, pp. 1-2).

The plaintiff argues persuasively that the law judge failed to explain adequately his rejection of treating physician Dr. Xinmin Tang's opinion of the plaintiff's lifting and carrying capabilities. As discussed infra, pp. 14-15, the law judge's explanation for rejecting this limitation is critical because, if this limitation were accepted, the plaintiff would be restricted to sedentary exertional work and likely found disabled under the guidelines as of her fiftieth birthday. See 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table 1.

Dr. Tang is the plaintiff's treating pain management physician. On September 17, 2013, Dr. Tang completed a Physical Capacities Evaluation, which is a checklist of the plaintiff's capabilities in multiple areas of physical functioning ("the Questionnaire")(Tr. 1035-1036). Among other things, Dr. Tang opined that the plaintiff could sit, and stand/walk, one hour each during an eight-hour workday. He also stated that the plaintiff could

frequently lift/carry up to 5 pounds, and occasionally lift/carry 6 to 10 pounds with her right arm, but never lift/carry more than 5 pounds with her left arm or more than 10 pounds with the right arm (Tr. 1035-1036).

Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not according them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). The law judge "must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." Id.

The law judge acknowledges Dr. Tang's Physical Capacities Evaluation and addresses separately each of Dr. Tang's opined restrictions (Tr. 35-36). The law judge gave "limited weight" to most of Dr. Tang's opinions of the plaintiff's physical capabilities (see id.).

As pertinent here, the plaintiff challenges the law judge's rejection of Dr. Tang's opinion of the plaintiff's lifting and carrying capabilities (Doc. 15, pp. 7-9). In this respect, the law judge states (Tr. 36):

Dr. Tang opined that the claimant could frequently lift/carry zero to five pounds, occasionally lift/carry six to ten pounds with the right upper extremity and never lift/carry more than this amount with the left upper extremity. Limited weight is afforded to this part of the doctor's opinion because it is inconsistent with even the claimant's subjective limitations and more limiting [than] the residual functional capacity used in this decision. At the hearing, the claimant reported that she could lift ten pounds with the right-dominant hand and gave no testimony of receiving help when shopping in grocery stores, so she likely can lift more than she generally alleged. Out of precaution, however, I have developed the claimant's residual functional capacity in a manner that appropriately accounts for the lifting/carry restrictions. She is limited to [light] exertional level (occasionally lift/carry twenty pounds and frequently lift/carry ten pounds or less). (13F).

The plaintiff argues, meritoriously, that the law judge's explanation for rejecting Dr. Tang's opinion of her lift/carry capabilities is inadequate. See Lewis v. Callahan, supra.

First, the plaintiff argues that the law judge failed to identify any subjective limitation — i.e., testimony or report from the plaintiff — that is inconsistent with Dr. Tang's opinion regarding her ability to lift or carry (Doc. 15, p. 7). The plaintiff is correct. Rather, the law judge infers that the plaintiff "likely can lift more than she generally alleged" based on the plaintiff's testimony that she could lift ten pounds with her right hand and go

grocery shopping (Tr. 36). However, as the plaintiff argues (Doc. 15, p. 7), her testimony that she can lift 10 pounds with her right arm is consistent with Dr. Tang's opined limitation that she may lift 10 pounds occasionally with her right arm (Tr. 1036), and there is no record evidence from which it may reasonably be inferred that the plaintiff's shopping involves lifting or carrying in excess of Dr. Tang's opined limitations. Therefore, this explanation does not state good cause for rejecting Dr. Tang's opinion of the plaintiff's lifting and carrying capabilities.

Additionally, the plaintiff challenges the law judge's rejection of Dr. Tang's opinion on the ground that it is "more limiting than the RFC" in the decision (Doc. 15, p. 4). She argues that this explanation "puts the cart before the horse. The RFC as determined by the ALJ is based ON the medical opinion" (id., pp. 4-5) (emphasis in original). The plaintiff is correct that the law judge's determination of the residual functional capacity is to be based on the medical evidence, not the other way around. See 20 C.F.R. 404.1520(e) (residual functional capacity is based on the relevant medical and other evidence in the record); see also 20 C.F.R. 404.1545.

The Commissioner responds that the law judge meant by this statement that Dr. Tang's opinion was contrary to the substantial evidence of

record, which the law judge incorporated into the plaintiff's residual functional capacity (Doc. 20, pp. 7-8).   However, it is unknown what evidence the law judge relied upon in determining that Dr. Tang's lift/carry limitations are contrary to the substantial evidence of record, and the law judge failed to identify in his explanation substantial evidence supporting the determination of the plaintiff's lift/carry capabilities (see supra, pp. 8-9).[4] Therefore, the law judge clearly does not satisfy the requirement that he specify the reasons for discounting Dr. Tang's opinion of the plaintiff's capability to lift and carry.  See Lewis v. Callahan, supra, 125 F.3d at 1440 (the law judge must specify his reasons for giving no weight to the opinion of a treating physician and the failure to do so is reversible error); Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987).  Thus, absent specification of those findings, meaningful judicial review is not possible.  Ryan v. Heckler, 762 F.2d 939, 941-42 (11th Cir. 1985); Hudson v. Heckler, 755 F.2d 781, 785-86 (11th Cir. 1985).

This explanation is especially important here, where the law judge found that the plaintiff had many severe impairments that can

---

[4]The Commissioner is also unable to pinpoint the evidence relied upon by the law judge, as she cites generally to pages 35-38 and 40-41 of the law judge's decision to support this argument (see Doc. 20, p. 7).

substantially affect the plaintiff's ability to lift and/or carry, including ulnar neuropathy/bursitis, carpal tunnel syndrome/tendonitis, cervical radiculopathy, fibromyalgia, and degenerative joint disease (Tr. 29).  See 20 C.F.R. 404.1520(c) (an impairment is "severe" if it significantly limits an individual's ability to perform basic work activities).  In consideration of those findings, the law judge must explain his conclusion that the plaintiff has the capability to lift/carry 20 pounds up to one-third of the eight hour workday, and lift/carry 10 pounds one-third to two-thirds of an eight hour workday, as is required for light exertional work.  See 20 CFR 404.1567(b); Newton v. Astrue, 297 Fed. Appx. 880, 882 (11th Cir. 2008).

The Commissioner argues further that the record supports the law judge's finding that the plaintiff could perform light work (Doc. 20, pp. 5-6).  In this respect, the Commissioner notes that the plaintiff was the caretaker for her ill mother, which the Commissioner argues is analogous to the light exertional jobs of "companion" and "home attendant" in the Dictionary of Occupational Titles (id., p. 6).  This argument fails for two reasons.

First, the law judge did not give this explanation for rejecting Dr. Tang's lift/carry limitations (see Tr. 36), and defense counsel's post-hoc

-11-

rationalization does not provide the proper basis for judicial review. <u>Motor Vehicle Manufacturers Association of the United States, Inc.</u> v. <u>State Farm Mutual Automobile Insurance Co.</u>, 463 U.S. 29, 50 (1983); <u>see also</u> <u>Watkins</u> v. <u>Commissioner of Social Security</u>, 457 Fed. Appx. 868, 872 (11th Cir. 2012); <u>Michigan</u> v. <u>Environmental Protection Agency</u>, ___ U.S. ___ 135 S.Ct. 2699, 2710 (2015). Thus, the responsibility for explaining the administrative decision is placed with the law judge, and not with the Commissioner's lawyer. Therefore, this post-hoc explanation cannot remedy the deficiency in the law judge's decision.

Additionally, as the plaintiff asserts, there is no evidence regarding what she did as a caretaker (Doc. 23, p. 2). Thus, the record does not show that the plaintiff's caretaking was analogous to that of a "companion" or "home attendant," or that she otherwise performed the equivalent of light exertional work when caring for her mother.[5]

---

[5]The law judge emphasizes the plaintiff's activities of daily living, including driving, cooking, household chores, and gardening (Tr. 30, 31). The law judge also mentions that the plaintiff hurt herself doing "a lot of lifting" when she moved residences (Tr. 34). While the law judge can reasonably conclude those activities show that the plaintiff is not as limited as she alleges in certain aspects of her functioning, it is not apparent from those activities that she can perform lift/carry requirements for light exertional work.

In sum, because the law judge fails to identify and explain adequately the evidence he relied upon in discounting Dr. Tang's opinion of the plaintiff's capabilities to lift and carry, the decision cannot be meaningfully reviewed.  See Lewis v. Callahan, supra; Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986); Ryan v. Heckler, supra, 762 F.2d at 941-42.

Moreover, as indicated supra, pp. 6-7, this finding is critical, as it may be dispositive of whether the plaintiff is disabled.  Specifically, this issue implicates step five of the sequential analysis for deciding disability claims, which direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled.  See 20 C.F.R. 404.1520.  These factors are codified in tables of rules, known as "guidelines" or "grids," that are appended to the regulations.  20 C.F.R. Part 404, Subpart P, Appendix 2.  If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled.  20 C.F.R. 404.1569.  If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only.  If the

plaintiff, who is of "[c]losely approaching advanced age" under the regulations, has a residual functional capacity for sedentary work and no transferable skills, the guidelines would direct a finding of disabled, without further vocational considerations. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table 1.

Additionally, it is noted that the law judge's decision contains other deficiencies that, while not necessarily warranting reversal in themselves, undermine confidence in the decision. Thus, the law judge does not mention in the decision the "Fatigue" and "Physical Effects of Pain" forms completed by Dr. Tang, in which he opines that the plaintiff's symptoms are disabling (Tr. 1037-1039). Since those forms contain the opinions of a treating physician, they must be addressed.

Further, the law judge discounts manipulative and pushing/pulling restrictions opined by the plaintiff's treating primary physician, Dr. Beryl Fruth, because they "are inconsistent with the... limitations of Dr. Tang." (Tr. 37). However, the law judge rejected Dr. Tang's opinion. Further, Dr. Tang proposed greater restrictions than Dr.

Fruth (compare Tr. 1035 with Tr. 1062).  Therefore, it is unclear how Dr. Tang's opinion is cause for rejecting Dr. Fruth's less restrictive opinion.

Additionally, the law judge misstates that Dr. Tang's opinion that the plaintiff could frequently reach above shoulder level "is more restrictive than the residual functional capacity used in this decision, in which the [plaintiff] is limited to occasional limitations with overhead reaching" (Tr. 36).  Thus, Dr. Tang's opinion that the plaintiff could "frequently" reach overhead is actually less restrictive than the law judge's determination that the plaintiff could do so "occasionally."

Finally, the plaintiff, as indicated, has raised several other arguments.  Those contentions are properly pretermitted because a new decision will be rendered upon remand.

## IV.

For the foregoing reasons, I recommend that the decision be reversed and the matter remanded for further consideration.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: June 30, 2017

## NOTICE

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

-16-